UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL C. RINCKEY,

    Petitioner,

v.

NICK J. LUDWICK, Warden,

    Respondent.

_____/

Case No. 2:09-CV-10182

HON. AVERN COHN

## ORDER DENYING PETITIONER'S MOTION FOR RELEASE ON BOND (Doc. 8)

I.

Petitioner Michael C. Rinckey has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Now before the Court is Petitioner's "Motion for Release on Bond." For the reasons that follow, the motion will be denied.

II.

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts surrounding the petition and the existence of "some circumstance making the [motion for bond] exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). "There will be few occasions where a prisoner will meet this standard." *Dotson*, 900 F.2d at 79. Where the court finds no substantial claim that the petitioner is confined in violation of the Constitution, it need not reach the issue of whether exceptional circumstances exist which deserve special treatment in the interest of justice. *Id.* Because a habeas petitioner "is appealing a presumptively valid state conviction . . . it will indeed be the very unusual case where a habeas petitioner is

admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).  Petitioner's motion fails to establish the existence of any extraordinary and exceptional circumstances which merit release on bond.  Accordingly, the motion for bond is DENIED.

    SO ORDERED.


        S/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE

Dated:  February 1, 2011


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 1, 2011, by electronic and/or ordinary mail.

        S/Julie Owens
        Case Manager, (313) 234-5160